**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ENRIQUE TORRES GUTIERREZ, a.k.a. Daniel Cruzado-Torres<br><br>          Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>          Respondent. | No. 12-71599<br><br>Agency No. A094-999-094<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2014[**]

Before:     SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Miguel Enrique Torres Gutierrez, a native and citizen of Peru, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination, based on the uncontested fact that Torres lied in his immigration hearing and before an asylum officer about his use of a false identity and the location of his sister. *See Singh v. Holder*, 638 F.3d 1264, 1271-72 (9th Cir. 2011) (stating "lies and fraudulent documents when they are no longer necessary for the immediate escape from persecution do support an adverse inference"); *see also Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011) (agency can rely on factors that reasonably reflect on the petitioner's veracity). In the absence of credible testimony, Torres's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Torres's CAT claim is based on the same testimony the BIA found not credible, and Torres does not point to any evidence that compels the conclusion that it is more likely than not he will be tortured if returned to Peru, his CAT claim

also fails.  *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**